IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Ben Abi Timothee Del Cartier De Bey, et al., | Case No. 3:11 CV 2101 |
| Petitioners, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| State of Ohio, et al., | |
| Respondents. | |

*Pro se* Petitioners Ben Abi Timothee del Cartier De Bey (aka Timothy Carter, Jr.), Ali McVay Bey, and El Da Da Dan Da Da Bey filed this Petition for Writ of Mandamus against the State of Ohio, the City of Lima, the Allen County Court of Common Pleas, Allen County Juvenile Court Judge Glenn Derryberry, the Lima Municipal Court, Lima Municipal Court Judge William Lauber, Lima Municipal Court Magistrate David Cheney, Lima Municipal Court Clerk of Court Ben Diepenbrock, Lima Patrolman Z. Leland, and "TPR T Grigsby."

This is Petitioners' third suit alleging Ben Abi Timothee del Cartier De Bey ("De Bey") was denied due process in a traffic case in the Lima Municipal Court. *See State of Ohio v. Ben Isma'el Tribal Republic*, No. 3:11-CV-2068 (N.D. Ohio 2011) (remanding due to lack of jurisdiction); *Ben Isma'el Tribal Republic v. Leland*, No. 3:11-CV-2066 (N.D. Ohio 2011) (dismissing for lack of standing and for failure to state claims upon which relief could be granted). Petitioners now seek an order compelling the Lima Municipal Court to honor a default judgment allegedly obtained against that court, as well as monetary damages. Petitioners also filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2).

**BACKGROUND**

De Bey was riding a bicycle in Lima, Ohio in August 2011 when he was stopped by Patrolman Leland for failing to observe and obey a stop sign. De Bey was issued a traffic citation, and a court date was set for August 2011 in Lima Municipal Court. De Bey's encounter with Leland appears to have escalated because De Bey was also charged with falsification, obstructing official business, resisting arrest, failure to identify, and persistent disobedient conduct. *See* Lima Municipal Court, Case No. 11CRB02379. De Bey alleges he was arrested and his bicycle and bag containing his X-box gaming system were confiscated (Doc. No. 1 at 2).

De Bey contends he made a "special appearance" in court in August 2011 to "clear up this matter" (Doc. No. 1 at 2). He advised Municipal Judge Lauber he was present as an indigenous Moor and would not enter a plea because the court lacked jurisdiction. Judge Lauber entered a plea of not guilty on De Bey's behalf. De Bey objects to Judge Lauber's actions as practicing law from the bench (Doc. No. 1 at 2).

Two days later, De Bey sent a document entitled "Writ in the Nature of Discovery" to the Lima Municipal Court requesting certified official copies of that court's "Lawful Delegation of Authority" (Doc. No. 1 at 3). The court liberally construed this document as a Motion to Dismiss for Lack of Jurisdiction and Personal Immunity, and denied it in September 2011 (Doc. No. 1 at 3).

The Lima Municipal Court sent De Bey a summons indicating a pretrial hearing would take place on September 28, 2011. De Bey responded by submitting a document entitled "Notice of Default Judgment." He contends the court did not honor his Notice of Default Judgment and thereby denied him due process (Doc. No. 1 at 3).

There are no factual allegations in the Petition pertaining to Ali McVay Bey or El Da Da Dan Da Da Da Bey. In the caption of the Petition, there is a reference to "11TRD07832," which apparently refers to a traffic violation case in the Lima Municipal Court against Terry McVay. This may be Petitioner Ali McVay Bey ("McVay Bey"). The Petition also references "1988 JP 03023," which appears to be a 1988 child support enforcement action against Danny Craig Dansby that was heard by Judge Derryberry in the Allen County Court of Common Pleas, Juvenile Division. It appears Danny Craig Dansby may be Petitioner El Da Da Dan Da Da Bey ("Da Da Bey").

On September 30, 2011, Petitioners filed a Notice of Removal in this Court seeking to remove Lima Municipal Court Case Nos. 11TRD07438, 11CRB02379, and 11TRD07832. These three matters pertain to the traffic and criminal charges against De Bey and McVay Bey discussed above. This Court remanded these cases to the Lima Municipal Court in October 2011. *See State of Ohio v. Ben Isma'el Tribal Republic,* No. 3:11-CV-2068 (N.D. Ohio 2011).

Despite the remand, Petitioners filed a new Complaint in this Court, alleging due process violations arising out of De Bey's August 2011 traffic violation and subsequent appearance in Lima Municipal Court. *See Ben Isma'el Tribal Republic v. Leland*, No. 3:11-CV-2066 (N.D. Ohio 2011). In a January 2012 Opinion, the court found McVay Bey and Da Da Bey lacked standing to raise the claims asserted in the Complaint and considered only De Bey's claims under the Treaty of Peace and Friendship, the North American Free Trade Agreement (NAFTA), and 42 U.S.C. § 1983. The court found De Bey failed to state claims upon which relief could be granted and dismissed the Complaint pursuant to 28 U.S.C. § 1915(e). *Id.*

Petitioners now seek a Writ of Mandamus compelling the Lima Municipal Court and Judge Lauber to "honor the Default Judgment," which Petitioners contend would result in the dismissal of all claims, petitions, suits, and filings against them. They also allege due process violations under

3

the Fifth Amendment, and seek enforcement of the Zodiac Constitution, the By-Laws of the Moorish Science Temple of America, and the Treaty of Peace and Friendship of 1836 A.D. Finally, they seek compensatory and punitive damages from the Lima Municipal Court, Judge Lauber, Patrolman Leland, and Ben Diepenbrock.

### STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the court must dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997).

A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing the complaint, the court must construe the pleading in the light most favorable to the plaintiff. *See Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

4

**ANALYSIS**

Petitioners seek a Wit of Mandamus pursuant to the All Writs Statute, which authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. While this Court has the authority to issue the writ under this statute, the Sixth Circuit has cautioned mandamus is a drastic remedy, to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought. *See In re Parker*, 49 F.3d 204, 206 (6th Cir. 1995). The Supreme Court has also explained:

> As the writ [of mandamus] is one of the most potent weapons in the judicial arsenal, three conditions must be satisfied before it may issue. First, the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires, -- a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process. Second, the petitioner must satisfy the burden of showing that [his] right to issuance of the writ is clear and indisputable. Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances.

*Cheney v. United States Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 380–81 (2004) (internal citations omitted).

Construing the All Writs Statute, the Sixth Circuit held federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties, unless it is to enforce rights protected by federal law. *See Haggard v. Tenn.,* 421 F.2d 1384, 1386 (6th Cir. 1970); *Hoffman v. Stump*, 1998 WL 869972, * 6 (6th Cir.1998). Moreover, a federal court has no general jurisdiction to issue writs of mandamus where that is the only relief sought; rather, it can issue writs of mandamus "only as ancillary to and in aid of jurisdiction otherwise vested in it." *Haggard*, 421 F.2d at 1386.

5

As an initial matter, McVay Bey and Da Da Bey are not entitled to a writ of mandamus. Aside from sporadic and unexplained references to Lima Municipal and Allen County Court matters, the Petition contains no factual allegations or discernible claims pertaining to McVay Bey and Da Da Bey. In the absence of any indication of the nature of their claims or supporting factual allegations, this Court holds McVay Bey and Da Da Bey have failed to establish they have a "clear and indisputable right to the relief sought." *In re Parker*, 49 F.3d at 206.

Likewise, De Bey is not entitled to mandamus relief. The Petition essentially asks this Court to issue an order requiring the Lima Municipal Court to issue a default judgment against itself and dismiss the traffic and criminal charges against De Bey. As set forth above, however, this Court has no authority to issue a writ of mandamus to direct the Lima Municipal Court or its judicial officers in the performance of their duties, unless it is to enforce rights protected by federal law. *See Haggard*, 421 F.2d at 1386.

De Bey has not demonstrated the relief he seeks is necessary to enforce any protected federal rights. Neither the Zodiac Constitution nor the By-Laws of the Moorish Science Temple are recognized by United States federal courts as binding legal authority. *See, e.g.*, *Bey v. Ohio*, 2011 WL 4944396, * 2 (N.D. Ohio 2011); *Asim El v. Riverside Maintenance Corp.*, 1998 WL 205304, * 2 (S.D.N.Y. 1998). In addition, the Treaty of Peace and Friendship, which appears to govern relationships between Moroccan and United States citizens, does not provide a private cause of action in a civil case. *Bey*, 2011 WL 4944396 at * 3; *Vuaai El v. Mortgage Elec. Registry Sys.*, 2009 WL 2705819, *11 n.11 (E.D. Mich. 2009).

De Bey's only other discernible claim is that he was denied due process. The Fourteenth Amendment of the United States Constitution provides "no person shall be deprived of life, liberty, or property, without due process of law." In addition to setting the procedural minimum for

6

deprivations of life, liberty or property, the Due Process Clause bars "certain government actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). To assert a claim for denial of procedural due process, De Bey must plead and prove (1) he was deprived of liberty or property as a result of an established state procedure that itself violates due process rights, or (2) Respondents deprived him of liberty or property pursuant to a random and unauthorized act and available state remedies would not be adequate to address the deprivation. *Macene v. MJW, Inc*., 951 F.2d 700, 706 (6th Cir. 1991).

Nothing in the records suggests De Bey was denied due process. De Bey is not challenging an established state procedure, nor is he claiming the Lima Municipal Court refused to follow state procedure. Rather, De Bey demands compliance with his made-up legal document (the "Writ in the Nature of Discovery") and his made-up legal procedure (the "Notice of Default Judgment"). The Lima Municipal Court's refusal to acknowledge or respond to De Bey's demands is not a denial of due process.

## **VEXATIOUS LITIGATION**

This Court can protect itself against those who abuse access to the judicial system. *See Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986). Indeed, federal courts have the inherent power -- as well as a constitutional obligation -- to protect their jurisdiction from conduct impairing their ability to carry out Article III functions. *Id.*; *see also Kissi v. Clement*, 2008 WL 7526326, *5 (N.D. Ohio 2008). Moreover, this Court has the responsibility to prevent litigants from "unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. To this end, the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. *See Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987); *Wrenn v. Vanderbilt Univ. Hosp.*, 1995 WL 111480, *2–3

(6th Cir. 1995). In fact, the Sixth Circuit recognizes that enjoining vexatious litigants from filing further complaints "is the proper method for handling the complaints of prolific litigators." *Filipas*, 835 F.2d at 1146.

Here, De Bey, as well as his fellow Petitioners, have established a clear pattern of filing complaints in this Court which "are patently frivolous and vexatious, and which are certainly calculated to harass [Respondents] and abuse the judicial process." *Kissi*, 2008 WL 7526326 at *5. It appears Petitioners will continue on this course. Therefore, Petitioners are permanently enjoined from filing any new lawsuits or other documents without first seeking and obtaining leave of court.

This Court adopts the procedure set forth in *Kissi*, 2008 WL 7526326 at *5–6, which Petitioners must comply with in order to obtain leave:

1. Petitioners must file a "Motion Pursuant to Court Order Seeking Leave to File" with any document they propose to file and must attach a copy of this Order to it.

2. As an exhibit to any motion seeking such leave, Petitioners must attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying (1) the document raises a new issue which has never been previously raised, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.

3. As a second exhibit, Petitioners must identify and list: (a) the full caption of each and every suit which has been previously filed by them or on their behalf in any court against each and every defendant or respondent in any new suit they wish to file, and (b) the full caption of each and every suit which Petitioners have currently pending.

4. As a third exhibit, Petitioners must provide a copy of each complaint identified and listed in accordance with the foregoing paragraph 3 and a certified record of its disposition.

This Court may deny any motion for leave to file if the proposed document is frivolous, vexatious or harassing. If the motion is denied, the document shall not be filed. The failure to comply with the terms of this Order shall be sufficient ground to deny any motion for leave to file, and may be considered an act of contempt for which Petitioners may be punished accordingly.

Furthermore, to prevent future harassment by Petitioners and the waste of this Court's limited resources, the Clerk's Office is ordered as follows:

1. Any document submitted by Petitioners, either alone or together, prior to obtaining leave to file shall not be filed unless it is specifically identified as a "Motion Pursuant to Court Order Seeking Leave to File," and unless it contains: (1) an affidavit or sworn declaration as required by this Order; (2) a copy of this Memorandum Opinion; and, (3) the exhibits required by this Memorandum Opinion.

2. The Clerk's Office shall not accept any filing fees, cover sheets, in forma pauperis applications, summonses, or U.S. Marshal Forms, in connection with any Motion Pursuant to Court Order Seeking Leave to File which Petitioners file, unless and until leave is granted.

3. No further Motions or Objections will be considered in this case. The Clerk's Office is directed to return any such documents to Petitioners unfiled. The Court specifically states that no Motions for Reconsideration, Motions for Relief form Judgment, or Motions to Alter or Amend Judgment will be accepted or considered.

## CONCLUSION

De Bey has not satisfied his burden of demonstrating mandamus relief is necessary to enforce a protected federal right, nor has he shown a "clear and indisputable right to the relief sought." *In re Parker*, 49 F.3d at 206. Therefore, this Court has no authority to order the Lima Municipal Court to enter default judgment in his favor. For these reasons, the Petition is dismissed under 28 U.S.C. §1915(e).

Furthermore, De Bey, as well as his fellow Petitioners, are enjoined from filing any new lawsuits or other documents without seeking and obtaining leave of Court as set forth in this Memorandum Opinion. This Court certifies, pursuant to Section 1915(a)(3), that an appeal could not be taken in good faith. Petitioner's Motion to Proceed *in forma pauperis* (Doc. No. 2) is granted.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

January 20, 2012